Fitzsimmons v. Woodruff, appellant.

*Statute of frauds — delivery and acceptance.*

Defendant selected a marble mantle in plaintiff's store, and agreed to pay plaintiff $80 to set up the same with certain alterations and fixtures in a house defendant was building in another town. The mantle and fixtures were sent by rail to the town where they were to be used, and were taken by order of defendant from the depot to the house where the mantle was afterward set up by a servant of plaintiff. The defendant was not satisfied with the work; told the servant to tell plaintiff so, and refused to pay a draft subsequently drawn on him by plaintiff, alleging that the mantle was not according to contract. *Held,* that the contract was one for the sale and delivery of a chattel, and that there was not a sufficient delivery and acceptance of the mantle by the vendee to take it out of the statute. *Held,* also, that in carrying the mantle from the depot to the house, defendant was acting as the agent of the vendor and not for himself.

THIS action was brought to recover the purchase price of a marble mantle and fixtures. The defendant was building a house at Livonia, and, while in Rochester on the 24th of November, 1869, visited the place of business of the plaintiff with a view to purchase a mantle. While there he examined and selected a mantle which the plaintiff agreed to place in his house with certain fixtures for the sum of $80. The plaintiff agreed to furnish different jambs or wall pieces, those with the mantle at the time, not being satisfactory to the defendant.

The mantle and fixtures were boxed and shipped by railroad to Livonia and were taken from the depot to defendant's residence under direction of defendant, and were subsequently put up in defendant's residence by a servant of plaintiff. The defendant, after the job was completed, told the man who put up the mantle that the work was not according to contract. Afterward he refused to pay a draft of plaintiff's for the purchase price, and wrote plaintiff the following letter:

" M. H. FITZSIMMONS. " LIVONIA, *January* 6, 1870.

" Dear Sir — Your draft came here when I was from home and I directed Mr. Parmalee not to pay any draft on me when I was away, and your draft is not right. The mantle is not according to contract. I will be in Rochester in a few days and will see you.

" Yours truly,

" S. G. WOODRUFF."

Fitzsimmons v. Woodruff.

The defendant testified that shortly after this, he met plaintiff in the street in Rochester, and, at plaintiff's request, it was agreed that the mantle should be taken away by plaintiff and each party should release the other from all claims for damages.

The action was tried before James L. Angle, Esq., referee, who rendered judgment against defendant for $96.31 and costs, from which judgment defendant appealed.

*H. Decker,* for appellant.

*George F. Danforth,* for respondent.

MULLIN, P. J.   When this case was before us at a former term, we were of the opinion that the agreement for the purchase and sale of the mantle was not a contract for work and labor, and for that reason not within the statute of frauds.   The only remaining question is, whether there was such a delivery and acceptance of the mantle by the vendee as took it out of the statute.

If there is any case in which a purchaser can be held to refuse to accept an article, because it is not made in conformity to the contract, this is that case.   The plaintiff had no opportunity to examine the mantle before it was sent to his house.   After he saw it, a part of it was to be changed, and a better article put in its place. In going after it to the depot and carrying it to his house, he was acting for the plaintiff and not for himself.   And, as soon as he saw the mantle put up, and before the job was completed, he notified plaintiff's agent that he would not accept it, and requested him to notify plaintiff of his refusal to accept.   This was all the defendant was bound to do to free himself from liability for an article he did not want and had not purchased.   No amount of reasoning and no number of authorities, however large, could make the case plainer than it is made by the mere statement of the facts.   The judgment is reversed and a new trial ordered, costs to abide the event.